IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

JAMES ROY KLUMB,

    Plaintiff,

vs.                                  Civil Action No. _____

CRYSTAL GOAN,

    Defendant.

## COMPLAINT

1. Plaintiff, James Roy Klumb ("Klumb"), is a citizen and resident of Greeneville, Greene County, Tennessee.

2. Defendant, Crystal Goan ("Goan"), is a citizen and resident of Greeneville, Greene County, Tennessee, and may be served with process at her address at 128 S. Main Street, Greeneville, Tennessee 37743.

3. Pursuant to 28 U.S.C. § 1331, this Court has jurisdiction over this action, which alleges violations of 18 U.S.C. § 2510, et seq., more commonly known as the Federal Electronic Communications Privacy Act. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over the state law pendent claims under the Tennessee Wiretapping and Electronic Act, Tenn. Code Ann. § 39-13-601 et seq., since those claims are directly related to and form part of the same case under the Electronic Communications Privacy Act. In addition, venue is properly placed in this Court pursuant to 28 U.S.C. § 1391(b) since essentially all of the events and/or acts giving rise to Plaintiff's claims occurred in the Eastern District of Tennessee.

4. Klumb and Goan were formerly husband and wife. They were involved in a divorce case filed by Goan in the Circuit Court for Hawkins County, Tennessee, Docket No. 07CV0403, which was transferred to the Circuit Court for Greene County, Tennessee, Docket No. 08CV361.

5. On February 17, 2009, a Final Judgment for Divorce was entered by E. G. Moody, Chancellor, sitting by interchange, incorporating the parties' Mediated Marital Dissolution Agreement.

6. During the course of the parties' marriage, Klumb was employed in a managerial position at his family business, Klumb Lumber Company, Inc., which is located at 1611 Industrial Road, Greeneville, Tennessee 37745. Several computers were installed on the business premises. Klumb used the business computer located at his personal computer station on the business premises to maintain a personal email account, which only he was authorized to access and use.

7. Upon information and belief, on or about March 21, 2006, Goan purchased Internet spy software named "eBlaster," and on or about June 12, 2006, Goan first installed eBlaster from CD Rom format on Klumb's business computer located in the offices of Klumb Lumber Company, Inc., without Klumb's knowledge, authorization or consent.

8. On or about June 12, 2006, Goan commenced to access and intercept Klumb's electronic email communications. The eBlaster device was set up to send information, including but not limited to intercepted emails and activity reports, from Klumb's computer to Goan's destination address, an off-site email address, cmgoan@yahoo.com, every 60 minutes Klumb's computer was active.

2

9. Upon information and belief, on or about June 27, 2007, Goan purchased an updated version of eBlaster, and on June 27, 2007, Goan re-installed the updated version of eBlaster on Klumb's business computer by Web download, again without Klumb's knowledge, authorization or consent. Goan continued to access and intercept Klumb's electronic email communications.

10. Upon information and belief, eBlaster is Internet spy software manufactured and distributed by SpectorSoft, Inc. Its purpose is to provide for remote email surveillance. Once installed on a personal computer, eBlaster sends activity reports to any remote email address that the installer specifies. eBlaster advertises itself as the only software in the world that captures both incoming and outgoing email and then immediately forwards that email to the remote account. eBlaster records emails, captures keystrokes, records all website visits, provides information about passwords to email accounts, applications run by the operator, and also provides information regarding user logon and logoff activity in its scheduled activity report.

11. Klumb first developed suspicions about Goan's installation of unauthorized Internet spy software in November 2007 when he compared hard copies of his original email communications to an email recipient to later emails to that same recipient, and discovered that the original email communications had been intercepted, tampered with, and re-sent to the original recipient by Goan.

12. Klumb was eventually required to retain a computer forensic expert to detect the installation of the eBlaster spyware and to determine the computer information and emails transferred as a result of both installations of the eBlaster device on June 12, 2006, and June 27, 2007.

13. Upon information and belief, Goan used eBlaster spy software to access Klumb's electronic communications without authorization, knowledge or consent of Klumb or Klumb Lumber Company, Inc. during a period that began on or about June 12, 2006, and continued up to April 2008. Goan installed and used eBlaster to intercept Klumb's electronic communications for almost two years and approximately six hundred fifty seven (657) days. By use of eBlaster, Goan transferred approximately 4,003 of Klumb's personal emails to her remote cmgoan@yahoo.com account. Another approximately 3,800 separate eBlaster reports, which showed Klumb's activities on his computer, were also transferred to Goan's email account.

14. Goan intentionally and willfully accessed and intercepted electronic communications from Klumb's personal email account and attempted to use these interceptions to gain advantage in the parties' pending divorce action at that time.

15. Klumb at no time gave Goan access to his personal email account or consent to access his personal email account through eBlaster or any other means. Further, Klumb Lumber Company, Inc. and its representatives did not provide access or consent for Goan to access and intercept Klumb's personal email account through eBlaster or any other means.

### Count I – Federal Electronic Communications Privacy Act

16. Paragraphs 1 through 15 of the Complaint are re-alleged and incorporated herein by reference as if set forth in their entirety.

17. The Federal Electronic Communication Privacy Act ("the Act"), codified at 18 U.S.C. § 2510, et seq., prohibits the intentional interception of electronic communications.

4

18. Electronic communications are defined under Section 2510 (12) of the Act as "transfer of signs, signals, writing, images, sounds, data, or intelligence of any nature transmitted in whole or in part by a wire, radio, electromagnetic, photoelectric or photooptical system that affects interstate or foreign commerce ..."

19. Section 2510(4) of the Act defines "intercept" to mean "the aural or other acquisition of the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device." Section 2510(5) defines "electronic, mechanical, or other device" to mean "any device or apparatus which can be used to intercept a wire, oral, or electronic communication . . . ."

20. Goan willfully and intentionally used an "electronic device" to access and intercept electronic communications from the personal email account of Klumb, which was located at Klumb Lumber Company, Inc. Goan was not authorized to access and intercept such electronic communications, and Klumb and/or Klumb Lumber Company, Inc. did not consent to such access and interception.

21. 18 U.S.C. § 2520 permits damages to be awarded to an aggrieved party against a party who improperly intercepts another's electronic communications in an amount of whichever is greater of actual damages, or statutory damages of $100 a day for each day of violation or $10,000, whichever is greater. Section 2520 also permits the aggrieved party to recover punitive damages in appropriate cases, reasonable attorney fees, and other litigation costs reasonably incurred.

22. Klumb should have and recover from Goan a judgment for whichever is greater of actual damages in an amount to be proven at trial, or statutory damages in the amount of $100 a day for each day of violation, or $10,000, whichever

is greater, punitive damages, and attorney fees and litigation costs incurred in the prosecution of this action.

### Count II – Tennessee Wiretapping and Electronic Surveillance Act

21. Paragraphs 1 through 15 of the Complaint are re-alleged and incorporated herein by reference as if set forth in their entirety.

22. The Tennessee Wiretapping and Electronic Surveillance Act is codified at Tennessee Code Annotated § 39-13-601, et seq.

23. The Tennessee Wiretapping and Electronic Surveillance Act is modeled upon the Federal Electronic Communications Privacy Act and provides many of the same remedies.

24. Specifically, the Tennessee Wiretapping and Electronic Surveillance Act prohibits a person from intentionally intercepting any wire, aural, or electronic communications.

25. Tennessee Code Annotated § 39-13-603 provides a civil remedy to an aggrieved person whose wire, aural, or electronic communications are intentionally intercepted pursuant to this statutory scheme.

26. Goan willfully and intentionally accessed and intercepted electronic communications from the personal email account of Goan without the authorization, knowledge or consent of Klumb or Klumb Lumber Company, Inc.

27. Tennessee Code Annotated § 39-13-603 permits damages against a party who improperly intercepts another's electronic communications in an amount of whichever is greater of actual damages, or statutory damages in the amount of $100 a

day for each day of violation, or $10,000, whichever is greater, punitive damages, and reasonable attorney fees and other litigation costs reasonably incurred.

28. Klumb should have and recover from Goan a judgment for whichever is greater of the amount of his actual damages in the amount to be proven at trial, or statutory damages in the amount of $100 a day for each day of violation, or $10,000, whichever is greater, punitive damages, and attorney fees and other litigation costs incurred in the prosecution of this action.

WHEREFORE, Plaintiff prays as follows:

1. That process issue and that Defendant be served and required to answer this Complaint as required by law.

2. That Plaintiff have and recover from the Defendant damages as set forth in the individual counts of this Complaint.

3. That Plaintiff have and recover from the Defendant his attorney fees and litigation costs as a result of this litigation.

4. That Plaintiff have and recover such other, further, and general relief as he may show himself entitled upon the hearing of this cause.

BERNSTEIN, STAIR & McADAMS LLP

BY: _____
L. CAESAR STAIR III (BPR # 000618)
C. SCOTT TAYLOR (BPR # 021037)
ATTORNEYS FOR PLAINTIFF

BERNSTEIN, STAIR & McADAMS LLP
4823 OLD KINGSTON PIKE, SUITE 300
KNOXVILLE, TENNESSEE 37919
TELEPHONE: (865) 546-8030

STATE OF Tennessee
COUNTY OF Greene

Personally appeared before me, the undersigned, JAMES ROY KLUMB, who, being duly sworn, makes oath that the statements contained in his foregoing Complaint are true to the best of his knowledge, information, and belief, and that he is justly entitled to the redress sought by said action to the best of his belief.

_____
JAMES ROY KLUMB

SWORN TO AND SUBSCRIBED BEFORE ME,

this 9th day of June 2009.

_____
NOTARY PUBLIC

My Commission Expires:
03-17-'10