**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**
**AT GREENEVILLE**

| | | |
|---|---|---|
| JAMES R. KLUMB, | ) | |
| | ) | |
| *Plaintiff(s)*, | ) | |
| | ) | |
| v. | ) | Case No. 2:09-cv-115 |
| | ) | *Judge William B. Mitchell Carter* |
| CRYSTAL GOAN, | ) | |
| | ) | |
| *Defendant*. | ) | |

<u>MEMORANDUM AND ORDER</u>

<u>I. Introduction</u>

Defendant Crystal Goan has filed a motion seeking summary judgment on plaintiff James

R. Klumb's claim for punitive damages sought for alleged violations of the Federal Wiretap Act,

18 U.S.C. § 25110 *et seq.*, and the Tennessee Wiretap Act, Tenn Code. Ann. § 39-13-601 *et seq.*

[Doc. 82]. Klumb brings this action asserting Goan violated these anti-wiretapping statutes by

placing spyware on two computers used by him, Goan's then-husband, to intercept his incoming

and outgoing e-mail and to monitor his activities on the internet.[1] Because a genuine issue of

material fact exists as to whether defendant acted intentionally, and /or wilfully and wantonly in

placing spyware on the plaintiff's computer, defendant's motion is DENIED.

---

[1]The facts in this case are set forth in greater detail in the Court's opinion addressing the
defendant's first motion for summary judgment. *See* January 26, 2011 Memorandum and Order,
Doc. 55.

1

<u>II. Discussion</u>

In addition to statutory damages,[2] the Federal Wiretap Act, 18 U.S.C. § 2520(b), and the

Tennessee Wiretap Act, Tenn Code. Ann. § 39-13-603(a), permit recovery of punitive damages if

certain conditions are met. Under the Federal Wiretap Act, it is within the province of the court

only to award punitive damages, and punitive damages are appropriate "when the aggrieved

party demonstrates that a wanton, reckless, or malicious violation of the Act has occurred."

*Smoot v. United Transportation Union*, 246 F.3d 633, 647 (6th Cir. 2001).

In Tennessee, because punitive damages are to be awarded only in the most egregious of

cases, a plaintiff must prove the defendant acted intentionally, fraudulently, maliciously, or

recklessly by clear and convincing evidence. *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896, 901

(Tenn. 1992). "Clear and convincing evidence means evidence in which there is no serious or

substantial doubt about the correctness of the conclusions drawn from the evidence." *Id.* at 901

n. 3. Further,

> A person acts intentionally when it is the person's conscious objective or desire to
> engage in the conduct or cause the result. Cf. T.C.A. § 39–11–302(a) (1991)
> (criminal definition of "intentional"). A person acts fraudulently when (1) the
> person intentionally misrepresents an existing, material fact or produces a false
> impression, in order to mislead another or to obtain an undue advantage, and (2)
> another is injured because of reasonable reliance upon that representation. *See*

---

[2]Both the Federal Wiretap Act, 18 U.S.C. § 2520(b), and the Tennessee Wiretap Act,
Tenn Code. Ann. § 39-13-603(a), permit the plaintiff to choose between compensatory damages
or statutory damages; however, plaintiff in this action has informed the Court and the defendant
he seeks statutory damages, not compensatory damages. Under the Federal Wiretap Act, only the
court may award damages. *See* 18 U.S.C. 2520(b). The Tennessee Wiretap Act puts no such
restriction on who can award damages. *See* Tenn. Code Ann. § 39-13-603(a). Thus, in a jury
trial brought under the Tennessee Wiretap Act, the jury would determine whether damages are
appropriate.

2

*First Nat'l Bank v. Brooks Farms*, 821 S.W.2d 925, 927 (Tenn.1991). A person acts maliciously when the person is motivated by ill will, hatred, or personal spite. A person acts recklessly when the person is aware of, but consciously disregards, a substantial and unjustifiable risk of such a nature that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances. Cf. T.C.A. § 39–11–302(c) (1991) (criminal definition of "reckless").

*Id.* at 901. If the fact-finder has concluded punitive damages are appropriate, then the fact-finder

shall consider the following factors to determine the amount of damages:

(1) The defendant's financial affairs, financial condition, and net worth;

(2) The nature and reprehensibility of defendant's wrongdoing, for example

(A) The impact of defendant's conduct on the plaintiff, or

(B) The relationship of defendant to plaintiff;

(3) The defendant's awareness of the amount of harm being caused and defendant's motivation in causing the harm;

(4) The duration of defendant's misconduct and whether defendant attempted to conceal the conduct;

(5) The expense plaintiff has borne in the attempt to recover the losses;

(6) Whether defendant profited from the activity, and if defendant did profit, whether the punitive award should be in excess of the profit in order to deter similar future behavior;

(7) Whether, and the extent to which, defendant has been subjected to previous punitive damage awards based upon the same wrongful act;

(8) Whether, once the misconduct became known to defendant, defendant took remedial action or attempted to make amends by offering a prompt and fair settlement for actual harm caused; and

(9) Any other circumstances shown by the evidence that bear on determining the proper amount of the punitive award.

*Id.* at 901-02.

3

Defendant presents two arguments in this motion. First, defendant argues plaintiff has failed to properly plead a claim for punitive damages under either the Federal Wiretap Act, 18 U.S.C. § 25110 *et seq.*, or the Tennessee Wiretap Act, Tenn Code. Ann. § 39-13-601 *et seq.* Second, defendant argues the undisputed facts in the instant case demonstrate defendant is entitled to judgment as a matter of law on plaintiff's claim for punitive damages.

*Defendant's Motion to Dismiss*

Defendant's first argument is not made pursuant to a motion for summary judgment. It constitutes a motion to dismiss as it asserts the complaint on its face fails to state a claim for which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). In an Amended Scheduling Order entered on June 30, 2011, the Court gave the defendant until July 15, 2011 in which to file a motion to dismiss as to punitive damages. Thus this portion of the defendant's motion has been timely filed.

A motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6) is meant to test the sufficiency of the complaint; it does not resolve the facts of the case. *Thielen v. GMAC Mortg. Corp.*, 671 F. Supp.2d 947, 950 (E.D. Mich. 2009); *Cox v. Shelby State Community College*, 48 Fed. Appx. 500, 503 (6th Cir. Sept. 24, 2002) (unpublished); *Metz v. Supreme Court of Ohio*, 46 Fed. Appx. 228, 233 (6th Cir. Aug. 19, 2002). In determining whether a party has set forth a claim in his complaint for which relief can be granted, all well-pleaded factual allegations contained in the complaint must be accepted as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Further, the complaint must also state "a plausible claim." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Well-pleaded facts that permit the court to infer no more than a mere possibility of misconduct will not permit a complaint to survive a motion to dismiss. *Id.*

4

Plaintiff has alleged that the defendant "intentionally" and without his consent installed spyware on his computer in order to access, intercept, and disclose his personal emails "to gain advantage in the parties' pending divorce action." (Amended Complaint at par. 15.) Plaintiff further alleges defendant transferred approximately 4,003 of his personal emails to her own email account. *Id.* at par. 13. Plaintiff also alleges he "first developed suspicions about Goan's installation of unauthorized internet spy software in November 2007 when he compared hard copies of his original email communications to an email recipient to later emails to that same recipient, and discovered that the original email communications had been intercepted, tampered with, and resent to the original recipient by Goan." *Id.* at par. 11.

Plaintiff has clearly pled defendant acted intentionally which is sufficient to state a claim for punitive damages under Tennessee law. Further, while plaintiff did not use the words "wanton" or "malicious" in his complaint, the conduct alleged, *i.e.* surreptitiously intercepting thousands of personal emails and altering some in order to gain an advantage in the parties' pending divorce, constitutes wanton and malicious behavior. Consequently, defendant's motion to dismiss plaintiff's claims for punitive damages under both the Tennessee Wiretap Act and the Federal Wiretap Act are DENIED.

### Defendant's Motion for Summary Judgment

The second portion of defendant's motion is indeed a motion for summary judgment as it relies upon matters outside the pleadings. *See* Fed. R. Civ. P. 56(c). The deadline for filing a motion for summary judgment in this case was October 21, 2010. However, because the Court believes it will be instructive to the parties and will not prejudice the plaintiff, the Court will address it.

5

FED. R. CIV. P. 56(c) provides that summary judgment will be rendered if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. The burden is on the moving party to conclusively show that no genuine issue of material fact exists, and the Court must view the facts and all inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 475, 587 (1986); *Morris v. Crete Carrier Corp.*, 105 F.3d 279, 280-81 (6th Cir. 1997); *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). The nonmoving party is required to come forward with some significant probative evidence which makes it necessary to resolve the factual dispute at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *60 Ivy Street*, 822 F.2d at 1435. The moving party is entitled to summary judgment if the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof. *Celotex*, 477 U.S. at 323; *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996).

It is defendant's position, and she has presented evidence in the form of her own deposition testimony, that her conduct does not justify punitive damages because she put the spyware on plaintiff's computers, with her husband's consent, in order to monitor the activities of her stepchildren who, she feared, were using the computer for improper purposes. On the other hand, defendant also admitted in her deposition that she put the spyware on her husband's computer in June 2007 because she suspected him of having an affair, and plaintiff has denied in his deposition that he gave her consent to do so. In addition, plaintiff has presented evidence in response to defendant's first motion for summary judgment, that defendant placed the spyware on plaintiff's computer in order to intercept plaintiff's outgoing email and alter it to make it

6

appear plaintiff was engaging in extramarital conduct. While the Court has no opinion as to the veracity of any of these allegations, if plaintiff's allegations are proven true, the jury may decide the plaintiff is entitled to punitive damages. Thus a genuine issue of material fact exists as to whether plaintiff is entitled to punitive damages, and this portion of defendant's motion is also DENIED.

If the jury concludes punitive damages are appropriate, the jury will be required to look at the many factors listed above to determine the amount of damages. As part of this process, defendant will be allowed to present evidence of plaintiff's conduct to the extent that it is relevant to explain what motivated the defendant to install the spyware. In short, the upcoming trial promises to become extremely difficult and unpleasant for both parties. Neither party will be able to carefully pick and choose what evidence of marital misconduct and discord is admissible at trial. The Court desires that the parties be aware that this matter will likely extend far beyond the simple question of whether the defendant placed spyware on the plaintiff's computer without his consent.

### III. Conclusion

For the reasons stated herein, defendant's "motion for summary judgment" is DENIED. The parties shall be prepared to proceed to trial on December 5, 2011 on the plaintiff's claims against defendant brought under the Federal Wiretap Act, 18 U.S.C. § 25110 *et seq.*, and the Tennessee Wiretap Act, Tenn Code. Ann. § 39-13-601 *et seq.*

SO ORDERED.

ENTER.                    s/William B. Mitchell Carter
                         UNITED STATES MAGISTRATE JUDGE

7