UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| JAMES ROY KLUMB | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 2:09-cv-115 |
| CRYSTAL GOAN | ) | Magistrate Judge Carter |
| | ) | |

MEMORANDUM AND ORDER

I. Introduction

Before the Court is defendant Crystal Goan's Motion for a New Trial [Doc. 127] pursuant to Fed. R. Civ. P. 59(a)(B)(2) and Fed. R. Civ. P. 59(d). The motion is based on an email sent ex parte by plaintiff's counsel to the Court shortly after the Court conducted a bench trial in the instant case but some months before the Court issued its decision. Because the information in said email had absolutely no effect on the Court's decision in this case, defendant's motion for a new trial is DENIED.

II. Background

A bench trial was held in this matter from December 6, 2011 to December 9, 2011. The primary issue in this case was whether defendant violated the federal Wiretap Act, 18 U.S.C. § 2510 et seq., and the Tennessee Wiretap Act, Tenn. Code Ann. § 39-13-601 et seq., by installing spyware on plaintiff's employer's computers to intercept plaintiff's incoming email. Plaintiff also sought punitive damages which can be recovered under both aforementioned statutes. Because plaintiff sought punitive damages, matters which were not strictly relevant to the wiretapping issue were introduced at trial because they were relevant to punitive damages. (For a discussion of matters relevant to the issue of punitive damages, *see* Doc. 88, the November 4,

1

2011 Memorandum and Order denying defendant's motion for summary judgment on plaintiff's claim for punitive damages.) At trial, in an effort to ameliorate punitive damages which might be awarded against her, defendant introduced evidence at trial that plaintiff had harassed her and engaged in "conduct border[ing] on stalking" since their divorce. (*See* the Court's July 19, 2012 Memorandum at 44, Doc. 119; Page ID # 1746). Subsequently, plaintiff's counsel sent an email to the Court's law clerk informing the Court that the Greene County Court had granted defendant's ex parte petition for an order of protection against plaintiff. (*See* Doc. 126-1, Page ID # 1889). The email further stated, "[a]lthough not a condition of the Court's order, Mr. Klumb has voluntarily submitted to (at his own expense) bracelet electronic monitoring through an accredited service. He has done so because of his concern that he would be subject to additional accusation." *Id.*[1] Although it appears plaintiff's counsel intended to send a copy of this email to defendant's counsel, (*see* January 14, 2012 email, Page ID # 1900), he did not. Defendant first became aware of said email when plaintiff's counsel discussed it in response to defendant's motion to alter the judgment and memorandum opinion [Doc. 125]. Defendant asks for a new trial on the ground that the Court's decision in this case was made using evidence of which she was not aware and had no opportunity to address.

As set out in the Court's preferences on the United States District Court web site, communications are allowed between counsel and my law clerk. Specifically, the preferences state that such communication is "permitted although obviously matters involving the merits of pending actions or suits should be avoided." Nevertheless, it was inappropriate for plaintiff's counsel to send an email to the Court without copying it to defendant's counsel, and it was certainly inappropriate for plaintiff's counsel to submit to the Court new information on matters

---

[1] Neither the Court nor any of the Court's staff responded to this email.

bearing on an issue litigated in this case, no matter how small the issue. However, for the reason that follows, this conduct in this situation does not merit a new trial.

In reaching its decision, the Court relied only upon the evidence presented in the four day bench trial of this case. Before issuing its decision in this case, the Court read the transcripts of the testimony presented at the trial and carefully examined the exhibits introduced into evidence. The offending email was not considered and, frankly, was long forgotten when the Court reached its decision and memorialized it in a 44 page written opinion. The email simply had no bearing whatsoever on the Court's decision and the defendant has suffered no prejudice by it. Accordingly, defendant's motion for a new trial is DENIED.

SO ORDERED.

ENTER.

                                         S/*William B. Mitchell Carter*
                                         UNITED STATES MAGISTRATE JUDGE